IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **FERNANDO ANDRADE,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 5:22-cv-67 |
| § | |
| **FLAGSTAR BANK, F.S.B.,** § | |
| **DEFENDANT, AND ISREAL** § | |
| **SAUCEDO, SUBSTITUTE TRUSTEE,** § | |
| *Defendants.* § | |

## DEFENDANT FLAGSTAR BANK, F.S.B.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a), 1441, and 1446 Defendant Flagstar Bank, F.S.B. ("Flagstar" or "Defendant") removes this action from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On December 28, 2021, Plaintiff Fernando Andrade ("Plaintiff") filed Plaintiff's Original Petition and Request for Temporary Restraining Order (the "Petition"), styled *Fernando Andrade v. Flagstar Bank, F.S.B., Defendant, and Isreal Saucedo, Substitute Trustee*; Cause No. 2021CI26188, in the 285th Judicial District Court of Bexar County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 285th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff filed a claim for declaratory judgment and violations of the Texas Property and also contends Flagstar lacks standing to foreclose.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 285th Judicial District Court and obtained by Defendant is attached hereto.

5. In support of this removal, please find attached as follows:

**Exhibit A**    Civil Cover Sheet;

**Exhibit B**    Supplement to Civil Cover Sheet;

**Exhibit C**    State Court Civil Docket Sheet;

**Exhibit D**    State Court File;

**Exhibit E**    Bexar County Appraisal District 2021 Valuation of the Property;

and

## II.    TIMELINE FOR NOTICE OF REMOVAL

6. Defendant Flagstar has not been served in this action. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000. Israel Saucedo, the Substitute Trustee, ("Saucedo") is a nominal party. The citizenship of a nominal party is disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465-66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); see also *Eisenberg v. Deutsche Bank Trust Co. Americas,* 2011 WL 2636135 (W.D. Tex. July 5, 2011).

      **a.**     **Diversity of Citizenship**

8.    Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9.    This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiffs.

10.    Based upon Plaintiff's Petition, Plaintiff is a citizen of Bexar County, Texas.

11.    Defendant Flagstar was and is a non-Texas corporation domiciled in Michigan with its principal office in Michigan. "A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, Flagstar is a citizen of Michigan.

12.    Plaintiff is a citizen of the State of Texas, and Flagstar is a citizen of Michigan. Accordingly, this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

      **b.**     **Saucedo is a Nominal Defendant.**

13.    "The citizenship of a nominal party is disregarded for purposes of determining diversity jurisdiction." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). "Nominal parties also are not required to consent to removal under the unanimity rule." *Acosta v. Master Maintenance and Const. Inc.,* 452 F.3d 373, 379 (5th Cir.2006). "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Id.* (quoting *Tri–Cities*

*Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir.1970)). "Additionally, a party is nominal if its role is restricted to that of a 'depositary or stakeholder.'" *Louisiana v. Union Oil Co. of Calif.,* 458 F.3d 364, 366–67 (5th Cir.2006). "Whether a party is nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *Id.*

14. The Fifth Circuit has stated that, "[t]o establish that non-removing parties are nominal parties, 'the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir.1991). Thus, some courts have noted that the inquiry is the same as the improper joinder analysis. *Eisenberg v. Deutsche Bank Trust Co. Americas,* 2011 WL 2636135, *2 (W.D. Tex. July 5, 2011) (citing *S. Lavon Evans, Jr. Drilling Venture v. Laredo Energy Holdings,* Civ. A. No. 2:11–CV 12, 2011 WL 1104150 at *4 n. 2 (S.D.Miss. March 23, 2011)) ("The two analyses appear to be substantially identical.").

15. The only facts Plaintiff alleges reflect that Saucedo is being sued solely in his capacity as substitute trustee under the Deed of Trust.[1] Indeed, Plaintiff does not allege any facts that suggest that a claim is being asserted directly against Saucedo. Like *Eisenberg,* it appears Plaintiff joined Saucedo because the trustees were requested to proceed with the foreclosure sale. To the extent the Court determines that Plaintiff's Texas Property Code violation claim is being asserted against Saucedo, Plaintiff's claim fails.

16. Specifically, Plaintiff asserts claims for (1.) lack of standing, (2.) declaratory judgment and (3.) violations of the Texas Property Code. Plaintiff does not allege the trustee lacks

---

[1] *See* Petition, at Section IV.E.

standing to foreclose but claims the "entity" trying to foreclose lacks standing, which is Flagstar. With regard to the declaratory judgment claim, Plaintiff alleges that in order to be able to foreclose, "the Defendant must produce" the original Promissory Note.[2] Plaintiff's "show me the note" theory has been repeatedly rejected by both state and federal courts across the country. Plaintiff has not alleged any facts that indicate he believes the trustee would have possession or access to the original note. Further, there is no reasonable basis for the Court to predict that Saucedo may be liable to Plaintiff under this claim. Thus, the only remaining claim is Plaintiff's claims for violation of the Texas Property Code. However, a majority of courts to consider the issue have concluded that § 51.002 of the Texas Property Code provides no private cause of action.[3] Thus, Plaintiff's claims for violation of the Texas Property Code fail as a matter of law. *Id.*

17.     For the reasons set forth above, Saucedo is a nominal party. Since all necessary parties are diverse, there is complete diversity between the relevant parties.

---

[2] *Id.* at Section VI.

[3] *Penta v. Cenlar Capital Corp.,* No. 1:19-CV-0915-DAE, 2020 WL 7695831, at *3 (W.D. Tex. Dec. 28, 2020); *Nelson v. Wells Fargo Bank, N.A.*, No. 4:17–CV–298–A, 2017 WL 3405525 * 2 (N.D. Tex. Aug, 7, 2017); *Solis v. U.S. Bank*, N.A., Civil Action No. H–16–00661, 2017 WL 4479959 *2 (S.D. Tex. June 27, 2017); *Palomino v. Wells Fargo Bank, N.A.*, Civil Action No. 6:15–CV–00375–RWS–KNM, 2017 WL 989300 *3 (E.D. Tex. Feb. 17, 2017); *Carey v. Wells Fargo Bank, N.A.*, Civil Action H–15–1666, 2016 WL 4246997 *3 (S.D. Tex. Aug. 11, 2016); *Reed v. Bank of America, N.A.*, Civil Action No. H–15–2005, 2015 WL 7736642 *4 (S.D. Tex. Nov. 30, 2015); *May v. Ocwen Loan Servicing, LLC*, No. 4:12–CV–581, 2014 WL 2586614 *4 n.2 (E.D. Tex. June 9, 2014); *Anderson v. CitiMortgage*, Inc., No. 4:13–CV–369, 2014 WL 3983366 *5 (E.D. Tex. July 1, 2014); *Ashton v. BAC Home Loans Servicing, LP*, Civil Action No. 4:13–CV–810, 2013 WL 3807756 *4 (S.D. Tex. July 19, 2013); *Hill v. Wells Fargo Bank, N.A.*, No. V–12–11, 2012 WL 2065377 *7 (S.D. Tex. June 6, 2012); *see also Rucker v. Bank of America, N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (recognizing that District Courts that have considered the issue have "conclude[d] that Section 51.002(d) does not intend an independent private cause of action."). Instead, when a plaintiff asserts a claim under § 51.002 of the Texas Property Code based on improper notice, as is the case here, courts consider the claim to be one for wrongful foreclosure. *See Nelson*, 2017 WL 3405525 *2; *Solis*, 2017 WL 4479957 *2; *Palomino*, 2017 WL 989300 *3; *Carey*, 2016 WL 4246997 *3; *Ashton*, 2013 WL 3807756 *4.

    c.  **Amount in Controversy Exceeds $75,000.**

  18. Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of the Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.

  19. The Petition seeks declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

20.  Moreover, as Plaintiff seeks injunctive relief to bar any foreclosure proceedings,[4] the property is the object of the present litigation. *Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338 (5th Cir. 2013). ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.")  "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* at *5 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

18.  The most recent tax appraisal for the Property valued it at $327,000.[5] This alone satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Petition that the amount in controversy more likely than not exceeds $75,000.

## IV.   VENUE

19.  Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(4).

---

[4] See Petition, at ¶ IX.
[5] *See* Exhibit E, Bexar County Appraisal District valuation for the Property for 2021.

*Defendant's Notice of Removal*     Page 7 of 8
BDF 00000009321027 Cantu

## V.  CONCLUSION

WHEREFORE Defendant Flagstar removes this action from the 285th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

By: /s/ *Crystal G. Gibson*
Crystal G. Gibson
State Bar No. 24027322
4004 Belt Line Rd., Suite 100
Addison, Texas 75001
972-340-7901
972-341-0734 (Fax)
CrystalG@BDFGroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA E-SERVICE:***
Fernando Andrade
23530 Enchanted VW.
San Antonio, Texas 78260
fandrade1322@yahoo.com
**PLAINTIFF, PRO SE**

/s/ *Crystal G. Gibson*
Crystal G. Gibson